IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NATHAN JOSEPH HUGHES,

    Movant,

v.                                   Civil Action No. 2:15-cv-05552
                                        (Criminal No. 6:04-cr-00127-04)

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Movant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 761). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully recommends that Movant's motion be denied as successive and unauthorized and that this action be dismissed, with prejudice, and removed from the docket of the Court.

**I.**     **Relevant Procedural Background**

In June 2004, Movant was indicted by a federal grand jury on one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. (ECF No. 10).[1] In

---

[1] All citations to the docket refer to documents filed in Movant's underlying criminal action, *United States v. Hughes*, 6:04-cr-00127-4.

1

September 2004, a superseding indictment was returned, which added a second count against Movant, charging him with the distribution of 1.1 grams of a mixture containing cocaine. (ECF No. 105 at 8). Movant proceeded to trial on November 30, 2004, and four days later, he was found guilty by a jury of both the conspiracy and the distribution counts. (ECF No. 243). After losing a Motion for Acquittal or for New Trial, Movant was sentenced on April 25, 2005 to a 140-month term of imprisonment. (ECF Nos. 265, 350). Movant appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), asserting several trial errors, but the Fourth Circuit affirmed the verdict and sentence on August 14, 2006. (ECF No. 512)

Movant filed his first § 2255 motion on November 5, 2007. (ECF No. 568). In this motion, Movant alleged that (1) the District Court lacked jurisdiction to hear his case; (2) there was prosecutorial misconduct; (3) his trial counsel was ineffective; and (4) his appellate counsel was ineffective. (*Id.*). The United States filed a response in opposition to the motion, and Movant was permitted to reply, expand the record, and amend his claims. On April 23, 2009, United States Magistrate Judge Mary E. Stanley filed a fifty-three page Proposed Findings and Recommendation ("PF&R"), thoroughly addressing each of Movant's grounds. (ECF No. 615). Ultimately, Judge Stanley found that Movant had abandoned his jurisdiction claim and failed to carry his burden on the claim of prosecutorial misconduct. (*Id.*). However, Judge Stanley agreed with Movant that his trial and appellate counsel were ineffective and recommended that the § 2255 motion be granted on those grounds. (*Id.*) Both parties filed objections to the PF&R. On October 15, 2009, the presiding District Judge declined to adopt the PF&R to the extent that it found merit in Movant's claims of ineffective assistance of counsel. Explaining that Movant had failed to establish any grounds justifying a new trial or resentencing, the

District Judge denied Movant's § 2255 motion. (ECF No. 642). Movant requested reconsideration of the ruling; however, the District Judge refused that request. (ECF No. 652). Accordingly, Movant appealed the denial of his § 2255 motion to the Fourth Circuit. On September 14, 2010, the Fourth Circuit dismissed the appeal, concluding that Movant had not made the requisite showing to merit a certificate of appealability. (ECF No. 712).

On May 1, 2015, Movant filed the instant motion, asserting that his conviction and sentence should be set aside, because the District Court lacked subject matter jurisdiction to entertain the indictment against him. (ECF No. 761). First, Movant argues that the count in the superseding indictment charging him with distribution of 1.1 grams of cocaine should have been brought in state court, rather than federal court, given the "insignificant" amount of drug in question. (*Id.* at 3). Second, Movant contends that new evidence submitted during his sentencing hearing would have persuaded a jury that he was not guilty of the conspiracy charge and, thus, there was no "factual, actual, or legal basis" for the Court's jurisdiction. (*Id.* at 6). Movant asks that his convictions be expunged and that he be released from the custody of the Bureau of Prisons.[2]

## II. Discussion

The law is well-settled that the district court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals. 28 U.S.C. §

---

[2] According to the court's docket, Movant completed his sentence and was released to supervision in July 2015. (ECF No. 771 at 1). He was recently arrested pursuant to a petition seeking to revoke his supervised release and is awaiting a revocation hearing. (ECF Nos. 820, 833, 837).

2255(h); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). In this case, Movant previously filed a § 2255 motion, which related to the same convictions and sentence that he presently challenges. His first § 2255 motion was denied on the merits, and Movant has not received authorization from the Fourth Circuit to proceed with a second § 2255 motion. Therefore, the undersigned **FINDS** that this Court lacks jurisdiction to consider the motion.

Although the Court lacks jurisdiction to address the merits of Movant's motion, the Court may exercise its authority under 28 U.S.C. § 1631 to recharacterize the petition as a motion for pre-filing authorization and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

For the Fourth Circuit to grant a petitioner's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Movant's motion, the undersigned concludes that Movant has not set forth a potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. Movant offers no "newly discovered" evidence,[3] nor is there a new rule of constitutional law applicable to his claim. Moreover, Movant's second motion would be time-barred. Therefore, the undersigned **FINDS** that transfer to the Fourth Circuit is not "in the interest of justice," and dismissal is warranted.

### III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF

---

[3] The evidence Movant describes as "new" in his motion was first presented at the sentencing hearing, and the substance of the evidence was addressed in Movant's first § 2255 motion. Movant offers no "newly discovered" evidence in support of the instant motion.

5

No. 761), be **DENIED**; that this action be **DISMISSED,** with prejudice; and that the matter be removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Johnston and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and Respondent.

**FILED:**  August 17, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge