IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NATHAN JOSEPH HUGHES,

        Petitioner,

v.                                  CIVIL ACTION NO.   2:15-cv-05552
                                          (Criminal No. 2:04-cr-00127-4)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Nathan Joseph Hughes' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Section 2255 Motion"). (ECF No. 761.) On May 4, 2015, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings of fact and recommendations for disposition ("PF&R"). Magistrate Judge Eifert filed her PF&R on August 17, 2016, recommending that this Court deny Petitioner's Section 2255 Motion as successive and dismiss this action with prejudice.[1] (ECF No. 839.)

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation

---

[1] The Court notes that Petitioner has been released from incarceration since the filing of the Section 2255 Motion. He has since been returned to custody for alleged violations of the terms of his supervised release. Whatever the outcome of the supervised release revocation petition, Petitioner remains "in custody" for purposes of §2255 as he serves his term of supervised release. *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion.").

to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to the PF&R in this case were due on September 6, 2016. To date, no objections have been filed. The Court therefore **ADOPTS** the PF&R, **DENIES** the Section 2255 Motion, and **ORDERS** that this action be **DISMISSED WITH PREJUDICE**.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. The Court thus **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

       ENTER:  December 12, 2016

       _____
       THOMAS E. JOHNSTON
       UNITED STATES DISTRICT JUDGE